# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GUADALUPE GUTIERREZ,<br><br>                        Plaintiff,<br>vs.<br><br>PNC MORTGAGE; PNC BANK N.A.; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; NATIONAL CITY MORTGAGE; GMAC WHOLESALE MORTGAGE CORPORATION; et al.,<br><br>                        Defendants. | CASE NO. 10-CV-1770 JLS (RBB)<br><br>**ORDER: GRANTING (1) PNC BANK N.A. AND PNC MORTGAGE'S MOTION TO DISMISS AND (2) GMAC WHOLESALE MORTGAGE CORPORATION'S MOTION TO DISMISS**<br><br>(Doc. Nos. 4, 6) |

On June 25, 2010, Plaintiff filed in San Diego Superior Court a complaint against Defendants PNC Mortgage, PNC Bank N.A., Mortgage Electronic Registration Systems, Inc., National City Mortgage, and GMAC Wholesale Mortgage Corporation. (Doc. No. 1 Ex. A (Compl.).) On August 24, 2010, Defendants PNC Bank N.A. and PNC Mortgage (collectively, PNC) removed the action to this Court. (Doc. No. 1 (Notice of Removal).) PNC and GMAC Wholesale Mortgage Corporation (GMAC) moved to dismiss Plaintiff's complaint on August 27, 2010 and September 29, 2010, respectively. (Doc. Nos. 4, 6.)

On August 31, 2010, the Court set a briefing schedule on PNC's motion, and on September 30, 2010, the Court set a briefing schedule on GMAC's motion. (Doc. Nos. 5, 7.) Pursuant to the

1  briefing schedules, Plaintiff's opposition to PNC's motion was due by September 20, 2010, and
2  Plaintiff's opposition to GMAC's motion was due by November 1, 2010. (Doc. Nos. 5, 7.)

3  Plaintiff did not oppose PNC's motion by the date required by the briefing schedule. On
4  October 6, 2010, Plaintiff, through counsel Francisco J. Aldana, filed an ex parte motion for an
5  enlargement of time to file her opposition to PNC's motion to dismiss. (Doc. No. 8.) Plaintiff
6  requested an amended briefing schedule with the same dates provided with respect to GMAC's
7  motion. (*Id.* at 2.) On October 7, 2010, the Court granted Plaintiff's motion but declined to amend
8  the briefing schedule to mirror the briefing schedule provided with respect to GMAC's motion. (Doc.
9  No. 9, at 2 n.1 ("Such a modification would leave Defendants' reply due three days *after* the hearing
10 date set for the instant motion.").) The Court gave Plaintiff until October 18, 2010 to respond to
11 PNC's motion. (Doc. No. 9, at 1.) The time to respond to both motions has now passed, and Plaintiff
12 has not responded to either motion.

13 "The Ninth Circuit has held a district court may properly grant an unopposed motion to dismiss
14 pursuant to a local rule where the local rule permits, but does not require, the granting of a motion for
15 failure to respond." *Navarro v. Greenlight Fin. Servs.*, 2010 WL 4117444, at *1 (S.D. Cal. Oct. 19,
16 2010) (Anello, J.) (citing *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995)). Under Civil Local Rule
17 7.1(f)(3)(c), "[i]f an opposing party fails to file the papers in the manner requested by Civil Local Rule
18 7.1.e.2, that failure may constitute a consent to the granting of a motion or other request for ruling by
19 the court." Rule 7.1(e)(2) requires a party opposing a motion to file an opposition or statement of non-
20 opposition no later than fourteen days prior to the noticed hearing, unless otherwise provided by court
21 order.

22 Although public policy favors disposition of cases on their merits, *see, e.g.*, *Hernandez v. City*
23 *of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998), "a case cannot move forward toward resolution on the
24 merits when the plaintiff fails to defend his or her complaint against a Rule 12(b)(6) motion,"
25 *Navarro*, 2010 WL 4117444, at *2. "Thus, this policy lends little support to a party whose
26 responsibility is to move a case toward disposition on the merits but whose conduct impedes or
27 completely prevents progress in that direction." *Id.* The public's interest in expeditious resolution
28 of litigation, the Court's need to manage its docket, and the potential prejudice to PNC and GMAC

1 all weigh in favor of dismissal. *See Ghazali*, 46 F.3d at 53. The Court finds that dismissal of this
2 action pursuant to Civil Local Rule 7.1(f)(3)(c) serves to vindicate these interests given that several
3 cases similar to this one are currently pending and awaiting resolution.

4      GMAC seeks dismissal of Plaintiff's complaint without leave to amend. (Doc. No. 6-1
5 (GMAC's Mem. ISO MTD), at 24.) PNC does not indicate whether it seeks dismissal with or without
6 leave to amend. (*See* Doc. No. 4-1 (PNC's Mem. ISO MTD).) Nevertheless, in light of the fact that
7 Plaintiff's failure to oppose PNC's and GMAC's motions almost surely resulted from counsel's
8 deficient performance, dismissal with prejudice is premature. *See Navarro*, 2010 WL 4117444, at *2.
9 Accordingly, the Court **GRANTS** PNC's and GMAC's motions to dismiss and **DISMISSES**
10 **WITHOUT PREJUDICE** Plaintiff's claims against PNC Mortgage, PNC Bank N.A., National City
11 Mortgage, and GMAC Wholesale Mortgage Corporation.

12      If Plaintiff wishes to continue litigating this case, she must file an amended complaint
13 addressing the deficiencies raised in PNC's and GMAC's motions <u>within 30 days of the date that this</u>
14 <u>Order is electronically docketed</u>. Further, Plaintiff's counsel, Francisco J. Aldana, shall personally
15 serve a copy of this Order on Plaintiff and file proof of service with the Court <u>within 7 days of the date</u>
16 <u>that this Order is electronically docketed</u>. Failure to comply with this Order may result in sanctions.

17      IT IS SO ORDERED.

19 DATED: November 3, 2010

20                                                 *Janis L. Sammartino*
                                           Honorable Janis L. Sammartino
                                           United States District Judge